IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

TREMETRA M. ROBINSON,              )
                                   )
                 Plaintiff,        )
                                   )
vs.                                )      Case Number CIV-17-0496-C
                                   )
MATTHEW P. DONOVAN, Acting         )
Secretary of the Air Force, and    )
                                   )
                 Defendant.        )

## MEMORANDUM OPINION AND ORDER

Plaintiff was a civilian federal employee at the Tinker Child Development Center-East. Her employment with Tinker ended on July 23, 2011. Plaintiff alleges her termination was the result of racial discrimination by employees of Defendant. Plaintiff filed the present action asserting claims for violation of 42 U.S.C. § 2000e et seq. ("Title VII") for racial discrimination, retaliation, and hostile work environment. In her Complaint Plaintiff relies on several instances of alleged discrimination occurring between February 2011 to July 2011. Defendant has now filed a Motion for Summary Judgment alleging the undisputed material facts entitle it to judgment on Plaintiff's claims.

## **STANDARD OF REVIEW**

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). [A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact. Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202,

204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth specific facts outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves. <u>Celotex</u>, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. <u>Thomas v. Wichita Coca-Cola Bottling Co.</u>, 968 F.2d 1022, 1024 (10th Cir. 1992). The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court. <u>Adler v. Wal-Mart Stores, Inc.</u>, 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

## <u>ANALYSIS</u>

Plaintiff was employed as a Training and Curriculum Specialist at the Child Development Center-East at Tinker Air Force Base. In January of 2011, a new person became Plaintiff's supervisor. Plaintiff alleges that her supervisor immediately began subjecting her to disparate treatment and created a hostile work environment. According to Plaintiff, her new supervisor: frequently asked her to swap jobs with other employees;

tasked another employee with managing an employee that Plaintiff was training; informed other management that Plaintiff was responsible for negative reviews by parents and other employees; issued Plaintiff a 971 entry for inappropriate union representation at a meeting; suspended her for one day for complaining about disparate treatment due to her race; complained of noncompliance on CPR training issues despite the fact that Plaintiff had requested assistance with that issue months earlier; issued an unacceptable overall performance rating on her 2010/2011 Civilian Rating Record; and had Plaintiff removed from her duty station by Security Forces personnel. Plaintiff argues each of these actions was premised on the supervisor's discriminatory motives. Before turning to the merits of Plaintiff's allegations, the Court must resolve a jurisdictional issue.

Because Plaintiff was a federal civil servant, she was required to exhaust administrative remedies prior to bringing this action. Green v. Brennan, ___ U.S. ___, 136 S.Ct. 1769, 1775 (2016). Administrative exhaustion is a condition of waiver of the United States' sovereign immunity. 42 U.S.C. § 2000e-16(c). Thus, absent proper exhaustion, this Court lacks jurisdiction to consider Plaintiff's claims because Defendant is entitled to sovereign immunity. A federal employee can exhaust her administrative remedies by either filing an EEO complaint with the employer, or by proceeding before the Merit Services Protection Board ("MSPB"). Coffman v. Glickman, 328 F.3d 619, 622 (10th Cir. 2003). Here, Plaintiff opted to pursue both routes. First, she filed an appeal to the MSPB, challenging the fact of her removal and related claims of discrimination and retaliation. Once Plaintiff elected to pursue the MSPB route, the

exhaustion requirement imposed on Plaintiff an obligation to seek EEOC review of any final decision from MSPB or to file a civil action against the agency. Either act had to have occurred within 30 days of receipt of the MSPB's final order. In Plaintiff's case, the MSPB issued its final order on July 10, 2012. Plaintiff did not seek EEOC review or file a civil action within 30 days. Indeed, she never requested an EEOC review and did not file this action until nearly five years after the final order was issued by the MSPB. As a result, any claims raised before the MSPB have not been properly exhausted and Defendant is entitled to sovereign immunity from suit on those claims. Thus, Plaintiff cannot in this action challenge the validity of her termination and any claim that that termination was discriminatory or retaliatory.

As for the claims that Plaintiff filed with the agency EEO office, her informal complaint was made on April 1, 2011, and a formal complaint was filed on June 29, 2011. The EEOC issued its decision on January 27, 2017, and this action was filed on April 30, 2017. Thus, Plaintiff timely filed this action after receiving the EEOC's decision. However, there are other time issues with her EEOC claims.

In order to exhaust remedies through the EEOC process Plaintiff was required to "initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 CFR § 1614.105. See also Mayberry v. Envtl. Prot. Agency, 366 F. App'x 907, 908, (10th Cir. 2010). Thus, any claim for a discrete act that occurred prior to February 15th, or 45 days prior to the date her EEO complaint is filed, is barred.

Notably, Plaintiff did not challenge her termination in her EEO Complaint. Accordingly, her termination of employment cannot be considered by the Court. However, Plaintiff did raise a complaint about the manner in which she was escorted from the premises on the day she was terminated.

Based on these rulings, the only issues for consideration are whether or not certain actions taken by Plaintiff's supervisor should be considered racially discriminatory; whether or not Defendant retaliated against Plaintiff for filing an EEO complaint; and whether the manner in which Plaintiff was escorted from the building was discriminatory.

In order to show that Plaintiff was discriminated against as a result of her race, she must establish (1) that she was a member of a protected class, (2) that she was qualified and satisfactorily performing her job, and (3) that she was terminated or suffered some other adverse employment action under circumstances giving rise to an inference of discrimination. See Barlow v. C.R. England, Inc., 703 F.3d 497, 505 (10th Cir. 2012). Defendant does not dispute the first element but argues that Plaintiff cannot demonstrate she was qualified or satisfactorily performing her job.

The Court finds it unnecessary to resolve this dispute, as Plaintiff cannot meet the third element of the prima facie case. That is, given the Court's ruling on exhaustion, Plaintiff has failed to offer any evidence that she suffered an adverse employment action as a result of discrimination. At most, Plaintiff offers evidence that her supervisor asked her to switch jobs with other employees, or made other comments related to Plaintiff's job duties and her supervisor's perception that Plaintiff was unhappy in her current

employment. None of this evidence rises to the level of an adverse employment action. See generally, Morris v. City of Colo. Springs, 666 F.3d 654, 663-64 (10th Cir. 2012), noting that "Title VII does not establish a 'general civility code' for the workplace." (internal citations omitted). See also Rennard v. Woodworker's Supply, Inc., 101 F. App'x 296, 308 (10th Cir. 2004) (noting that written reprimands and negative evaluations did not alter job status and were not adverse employment actions.). Thus, Defendant is entitled to judgment on Plaintiff's claim for racial discrimination.

Plaintiff's claims for hostile work environment also fail. In order to establish a prima facie case of hostile work environment, Plaintiff must show (1) membership in a protected group, (2) that she was subjected to unwelcome harassment, (3) which harassment is based upon her membership in the protected group, and (4) the harassment was so pervasive or severe that it altered a term, condition, or privilege of employment and created a hostile or abusive work environment. See Harsco Corp. v. Renner, 475 F.3d 1179, 1186 (10th Cir. 2007).

Plaintiff's claim fails, as the evidence she has presented offers nothing more than disagreements between her and her supervisor on Plaintiff's job performance and the manner in which the supervisor desired the job to be performed. Plaintiff offers no evidence of discriminatory comments or actions where she was treated differently from another employee in her same class. While Plaintiff may have preferred the supervisor address her concerns in a different manner or may have preferred the supervisor not offer other potential job placements, there simply is no basis on which a reasonable juror could

find that her supervisor's actions were racially motivated, and therefore those actions cannot give rise to a hostile work environment claim. Even if a juror could find that there was some discriminatory or hostile basis behind the supervisor's actions, no reasonable juror could find the actions of which Plaintiff complains were pervasive or severe enough to alter a term or condition or privilege of Plaintiff's employment.

Finally, there is Plaintiff's claim of retaliation. In order to establish a prima facie case of retaliation, Plaintiff must show that (1) she engaged in protected activity under Title VII, (2) a reasonable employer would have considered the challenged employment materially adverse, and (3) a causal connection existed between the protected activity and the materially adverse action. Argo v. Blue Cross & Blue Shield of Kan., Inc., 452 F.3d 1193, 1202 (10th Cir. 2006). For an action to be materially adverse, it "must be sufficient to dissuade [] a reasonable worker from making or supporting a charge of discrimination. While the employer's conduct need not affect the terms and conditions of employment, the inquiry is an objective one, and not based on a plaintiff's personal feelings." Daniels v. United Parcel Serv., Inc., 701 F.3d 620, 638 (2012) (internal quotation marks and citations omitted).

Defendant does not dispute that Plaintiff satisfies the first element. While Defendant states there is no dispute as to material adverse actions, the arguments outlined in the brief seem contrary to that statement. Regardless, the Court will accept Defendant's statement and find that there is no dispute that Plaintiff suffered a materially adverse employment action. The actions at issue are the suspension of Plaintiff for one

day, her ultimate termination, the issuance of an AF Form 971, and a negative performance review. The suspension and removal are not at issue here, as they were subsumed within Plaintiff's complaint to the MSPB and therefore she has failed to exhaust her administrative remedies for those claims. The parties are in dispute as to whether or not the AF Form 971 constituted a disciplinary action or whether it was simply informative. Even accepting Plaintiff's argument that it was, in fact, disciplinary, she cannot demonstrate that it was retaliatory in nature. Rather, the Form 971 was issued when Plaintiff brought an unauthorized person into a staff meeting. It is undisputed that Plaintiff had been advised prior to the meeting that she could not bring the representative with her, yet she persisted. Plaintiff cannot dispute that Defendant's perspective was that the 971 was warranted, based on her actions. She offers no evidence to demonstrate that the issuance of that warning arose due to a discriminatory or racially-based motive. Rather, in support Plaintiff only offers the bald statement that the issuance of the 971 was unwarranted and discriminatory. On this evidence, no reasonable juror could find that that action was retaliatory or discriminatory.

The next option for an allegedly retaliatory action is the negative performance review. Plaintiff's only argument related to the performance review is that it was issued only three days after her supervisor learned of her EEO complaint. Plaintiff argues that the review was unwarranted. However, she offers no concrete evidence from which a reasonable jury could find that it was in error. Rather, she relies solely on her opinion. As the Tenth Circuit noted, "[i]t is the manager's perception of the employee's

8

performance that is relevant, not plaintiff's subjective evaluation of his own relative performance." <u>Furr v. Seagate Tech., Inc.</u>, 82 F.3d 980, 988 (10th Cir. 1996). Defendant has proffered several objective reasons for the negative evaluation that Plaintiff has failed to refute. Thus, no reasonable jury could determine that the issuance of the negative performance evaluation was retaliatory or discriminatory.

Plaintiff also complains that having base security personnel escort her from her duty station was based on discriminatory animus. However, Defendant notes that was the standard operating procedure when an employee was terminated. In response, Plaintiff counters only with a statement by another employee that she had never seen security present when any other employee had been terminated. Plaintiff offers no evidence or argument from which a reasonable juror could find that the presence of security personnel was discriminatory.

## CONCLUSION

For the reasons set forth herein, the Secretary's Motion for Summary Judgment (Dkt. No. 36) is GRANTED. The Motions in Limine (Dkt. Nos. 39, 40, and 41), as well as Defendant's Motion for a Definite Trial Date (Dkt. No. 50) are STRICKEN as MOOT. A separate Judgment will issue.

IT IS SO ORDERED this 1st day of October, 2019.

ROBIN J. CAUTHRON
United States District Judge